No. 2824. CHISOLM *v.* PROVIDENCE &C. COMPANY. November Term, 1891. This was a motion to dismiss an appeal for failure to file the "Case" with the clerk of the Circuit Court within ten days after counsel had agreed that certain papers should constitute the "Case" for the appeal. Such "Agreed Case" was printed and filed with the clerk of the Supreme Court in due time. This court granted the motion in a formal order, stating that rule 49 of the Circuit Court required the "Case" to be filed with the clerk of that court, whether the "Case" was settled by the judge or agreed upon by counsel. PER CURIAM, January 5, 1892. *Mitchell & Smith,* for the motion. *Barker, Gilliland & Fitzsimons,* contra.

No. 2846. This was a petition for the rehearing of the order in No. 2824, next *supra.* The first eight grounds alleged error in not distinguishing this case from cases where the "Case" had been prepared and proposed and settled, referring to certain decisions and statutes by which counsel had been guided. The ninth ground was "that if it could be shown that the attorney for appellant misinterpreted the law governing the appeal, which it became his duty to his client to take to this court, it would be excessive hardship that the client should be defeated of his just rights by such mistake or the excusable neglect or omission of such attorney."

February 1, 1892. The following order was passed

PER CURIAM. We have carefully considered the petition for a rehearing in this case, and finding that no material fact or important principle of law has either been overlooked or misunderstood, there is no ground for a rehearing. In the first five paragraphs of the petition it is reiterated in different forms that the court had overlooked the fact that the parties here had agreed upon a "Case," as provided for by the act of 1875, and that it was not a "Case" which had been settled in the usual form. In view of the fact that the court, in rendering its judgment granting the motion to dismiss the appeal, rested it distinctly upon the ground that, so far as the requirement of rule 49 of the Circuit

Court was concerned, there was no difference between an "Agreed Case" and a "Case" settled in the usual form, it is difficult to conceive how it could have been supposed that the court had overlooked the fact that in this instance the parties had agreed upon a "Case" under the provisions of the act of 1875.

We see no reason why an "Agreed Case" should stand upon a different footing from a "Settled Case," so far as the requirements of rule 49 are concerned. There is nothing in the terms of the act of 1875 (15 Stat., 862, now incorporated in the Code as subdivision 5 of section 345) which indicates any purpose to dispense with the requirements of rule 49. On the contrary, the provision in the act that "upon the transmission of a certified copy of such agreement to the clerk of the Appellate Court within the time now required by law, he shall place said cause on the docket for a hearing by said court," is a plain recognition of the requirement of the rule; for, unless such "Agreed Case" is filed in the office of the clerk of the Circuit Court, it would be somewhat difficult to see how a certified copy could be transmitted to the clerk of the Supreme Court.

It is true that this court, actuated by a desire to carry out the true intent and spirit of the act of 1875, by facilitating appeals as far as it can without violating any rules of practice, has held in the case of *Dickson* v. *Screven*, by its oral judgment, referred to in the minutes of this court, of 8th December, 1884, that a copy of the "Agreed Case" may be filed as the return in this court, without the certificate of the clerk of the Circuit Court, where counsel have endorsed thereon their admission that the paper filed as the return is a correct copy of the "Agreed Case;" but neither in that case nor in any of the other cases cited in the petition has this court held that, where counsel have agreed upon a "Case," as provided for by the act of 1875, such agreement between counsel will dispense with the requirement of rule 49. In none of those cases was the question here presented raised, and this court did not feel called upon to raise it.

We are not aware of any instance in which a party has invoked the protection of rule 49, and made a proper showing for that purpose, where this court has declined to enforce the rule, which we regard a wise one, as it is certainly very desirable, if not essential, that the records of the Circuit Court should con-

tain the full proceedings in every cause heard by it, and that such court should have the means of determining conclusively, by an inspection of its own records, whether a party who has given notice of appeal from one of its judgments has prepared a "Case" for the hearing by the Supreme Court, or has abandoned his appeal. The sixth, seventh, and eighth grounds cannot therefore be sustained.

As to the ninth ground taken in the petition, it would be sufficient to say that no such ground was taken at the hearing of the motion, and it cannot therefore furnish any basis for a petition for a rehearing. But we may add that, while the Code, in section 349, does provide a mode by which a party who has omitted "through mistake or inadvertence" to do any act necessary to perfect an appeal may obtain relief from the consequences of such omission, provided a proper showing for that purpose is made, yet the well settled practice is that a motion, supported by affidavits, of which the respondent shall have due notice, must be submitted to the court before the motion to dismiss the appeal is heard; and no such motion having been submitted in this case at the proper time, it is now too late to do so. Even, therefore, if mere misinterpretation of the law would be sufficient to entitle a party to relief under the provisions of section 349 of the Code, such relief cannot now be obtained, after a motion to dismiss the appeal has been granted, and a petition for a rehearing of such motion has been considered and determined.

The judgment of this court is, that the petition be dismissed, and that the stay of the *remittitur* heretofore granted be revoked.